ADOLPHUS F. WARBURTON, as Survivor, etc., Respondent, *v.* JOHN T. CAMP, Appellant.

*Court of Appeals, March 5,* 1889.

Affirming 23 J. & Sp. 290.

*Principal and agent. Question of fact.*—Where an assignment of an interest in a claim in suit was made to defendant on the promise of his agent, that defendant would pay the stenographer's fees, and where, in a conversation with one of the assignors, the defendant claimed to be ignorant of such agreement, but did not deny the agent's authority to act for him, the defendant's failure to deny or disclaim any such authority, taken in connection with the other circumstances in the case, and his denial thereof, raise an issue of fact for the trial court to decide, and a finding of the existence of such authority is sufficient to entitle the plaintiff to recover.

This action was brought to recover for the services of a stenographer rendered upon the arbitration of certain controversies between one Heath and others. The attorneys for Heath had, by an agreement with him, a lien upon whatever should be received, and agreed to pay the stenographer's fees. An award was made, and the attorneys assigned their interest therein to defendant, and the assignment was delivered to one Loomis on his promise, among other things, that defendant should pay said fees. The trial court found that Loomis was the agent of the defendant in the transaction, and that the latter was bound by the agent's promise. The question on appeal was simply as to whether there was any evidence to support this finding.

Appeal from a judgment of the general term of the superior court, affirming a judgment entered upon a decision of the court.

*George W. Wingate*, for appellant.

*Alfred B. Cruikshank*, for respondent.

PER CURIAM.—The assignment by Williams and Crane was made on the 13th of February, 1879, to the defendant, John T. Camp, and by it the assignors assigned their rights and interest in the action in which the assignment was made, and the lien upon the sum of $10,000 therein referred to, on the promise of one John S. Loomis, to whom the assignment was delivered, that the assignee should pay, among other things, $900 to the plaintiff's decedent, and the assignment was taken by Loomis upon that, among other conditions.

The learned trial judge found that in the transaction in question Mr. Loomis was the agent of the defendant.

Counsel for the defendant attacks this finding as being without any evidence to support it.

We think there was evidence upon which the finding could properly be based. After the assignment was made,

Mr. Crane, one of the assignors, saw the defendant and had a conversation with him in regard to the claim of the stenographers, to be paid out of the moneys received from the award mentioned in the assignment, and in the course of the conversation Mr. Crane said to the defendant that Mr. Loomis and himself had agreed, when the assignment was executed, that the stenographers should be paid out of this fund, and that it was a part of the understanding that they should be so paid, and that Mr. Loomis had distinctly agreed that the stenographers should be so paid.

Quite a long conversation upon the subject was detailed by the witness, and the defendant's reply to this claim as made by Mr. Crane was given, in which he stated, among other things, that he did not know of agreement to pay the stenographer $900; that he had received such assignment in ignorance thereof, but that he would do what was right in regard to it. This question was then put to Mr. Crane in speaking of the interview at that time : " Did he (referring to the defendant), at that time, deny Col. Loomis' authority to act for him ? " And the witness replied. " Oh, no! he never denied his authority."

While not holding that the mere omission to deny the authority of Mr. Loomis to make such an agreement was in any way conclusive upon defendant upon the question of such authority, yet the interview itself was upon such a subject, and the conversation detailed by Mr. Crane took such a course that it would have been very natural for defendant to have denied any such authority on the part of Mr. Loomis, if none such had existed, and it might fairly have been claimed before the trial court that the omission to deny or disclaim any such authority was very strong evidence of its existence. Taken in connection with other circumstances in the case, it would amply suffice for the finding of the existence of such authority. The defendant indeed denies it, but that simply raises an issue of fact upon which the trial court was to decide, whether the inference

of such authority ought to be drawn from all the evidence in the case, including the failure of the defendant to deny its existence at the interview in question, or whether the defendant, an interested party, should be regarded as having proved lack of authority by his own testimony to that effect.

The finding of the trial court, we think, had sufficient evidence to support it, and upon such finding, the fact that the agent of the defendant made the promise to pay the stenographer's fees to the amount of $900, as defendant's agent, and as a condition of obtaining the assignment itself, renders the case a clear one in favor of the plaintiff.

The judgment should, therefore, be affirmed, with costs.

All concur.